UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YVONNE MARGOUX
GUERRERO,

    Plaintiff,

v.                                                                    Case No.: 2:23-cv-1201-SPC-KCD

CHAD RAYMOND SISCO,

    Defendant.
                                          /

## OPINION AND ORDER

Before the Court are Defendant's Notice of Removal (Doc. 1) and supplement (Doc. 10). For the below reasons, the Court remands.

Defendant invoked diversity jurisdiction to remove this action. Because the complaint seeks only the state-court jurisdictional amount, Defendant was tasked with proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B). Yet Defendant offered only a spreadsheet of Plaintiff's past medical bills totaling $40,373.42. So the Court ordered him to supplement his notice to provide more evidence that the amount in controversy exceeds $75,000. (Doc. 9).

Defendant's supplement does not establish this Court's jurisdiction. He now relies on Plaintiff's presuit settlement demand of $500,000 to prove the amount in controversy. But "[t]ypically, presuit demand letters alone are not

enough to establish amount in controversy." *Gagnon v. Petsmart, Inc.*, No. 220CV676FTM38MRM, 2020 WL 13356800, at *1 (M.D. Fla. Sept. 2, 2020). Afterall, "settlement offers (particularly presuit) reflect a fair amount of puffing and posturing." *Id*. This one is no different.

Defendant disagrees. He argues this presuit demand proves the amount in controversy by a preponderance of the evidence because it is "exceedingly detailed." (Doc. 10 at 3). This is true only on the surface. The demand is long with charts and summaries. But stripped of Plaintiff's damage forecasts, it is based on essentially the same $40,000 worth of medical bills that first prompted the Court's inquiry. Plaintiff's demand offers only speculation. Plaintiff describes an upcoming appointment with a retina specialist (and records the price of a retinal detachment repair at $16,080) but equivocates that the procedure is only "probable." (Doc. 10-1 at 14). Plaintiff also "estimates" she will be unable to contribute $61,486.03 in household services because of her injuries. (Doc. 10-1 at 15). And the bulk of her demand, some $940,000 worth, is "estimated" by simply projecting chiropractor and physical therapy visits for the rest of her life. (Doc. 10-1 at 14). For good measure, Plaintiff tags on $350,000 in pain and suffering. (Doc. 10-1 at 19). After all of this, Plaintiff demands the $500,000 policy limit of Defendant's insurance.

2

(Doc. 10-1 at 22). The difference between the past medical bills—around $40,000—and Plaintiff's damages estimate—nearly $1,400,000—is puffery.[1]

Aside from the presuit demand, the Court has no other evidence that the amount in controversy exceeds $75,000. In fact, discovery responses attached to the notice of removal contrast Plaintiff's presuit demand. There, she states that "[a]fter reasonable inquiry, and based upon the information readily obtainable, [she] is unable to admit or deny" whether her claim exceeds $75,000. (Doc. 1-9 at 1-2). Perhaps further discovery will settle the matter. But for now, the Court cannot find by a preponderance of the evidence that the amount in controversy exceeds $75,000. So the Court must remand.

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit in and for Charlotte County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit in and for Charlotte County, Florida.

---

[1] The Court notes that it has little-to-no evidence of damages incurred in 2023. Defendant's notice of removal provided a medical expense summary with a line item for "Center for Physical Medicine" from "3/9/2022-7/07/23" in the amount of "$12,952.19." (Doc. 1-11 at 11). But Plaintiff's presuit demand describes past medical expenses from "Center of Physical Medicine" from "3/9/2022-8/3/2022" in the amount of "$12,649.19." (Doc. 10-1 at 13). The $303 difference is either an error or the only documented damages from 2023.

3. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on January 8, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record